NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kuan Muhammad, | |
|                     Petitioner, | Civ. No. 07-3346 (DRD) |
| v. | **O P I N I O N** |
| The United States of America, | |
|                     Respondent. | |

Kuan Muhammad
East Jersey State Prison
Rahway, NJ 07065

    *Pro se Petitioner*

Christopher J. Christie
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
by:  Amy S. Winkleman, Assistant United States Attorney
     Justin W. Arnold, Assistant United States Attorney

    *Attorneys for Respondent*

**DEBEVOISE, Senior District Judge**

    Kuan Mohammed filed a petition seeking to vacate, set aside or correct his sentence

pursuant to 28 U.S.C. § 2255.  Respondent, the United States ("the Government"), has cross-

moved to dismiss Muhammad's petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Government contends that Muhammad filed his petition outside of the one year statutory period allowed under 28 U.S.C. § 2255(f) and is therefore time barred. Muhammad does not dispute that his claim was filed outside of the statutory period, but rather asks that his petition be construed liberally, and the Government be made to bring their statute of limitations defense in an answer rather than a 12(b)(6) motion.

Because the petition was filed after the one year statutory period expired and there is no cause for the statute of limitations to be equitably tolled, the Government's Motion to Dismiss will be granted.

## I. BACKGROUND

Muhammad was convicted of murder in the Superior Court of New Jersey, Essex County, on August 30, 1988, and sentenced to thirty years to life imprisonment. (Pet. Mem. 1.)[1] Muhammad's conviction was reversed on March 4, 1992 and he was granted a new trial. (Pet. Mem. 2.) On June 9, 1993, Muhammad plead guilty and was sentenced to forty years imprisonment with eligibility for parole after a mandatory twenty years. Id.

Sometime between December 1991 and July 1992, forty-eight bearer bonds were stolen from First Fidelity Bank in Newark, New Jersey. Id. Jonathan Martin received the stolen bonds from a third party and used them to pay Petitioner's legal services for his pending murder trial.

---

[1] "Pet. Mem." refers to the Petitioner's Memorandum of Law in Support of his Motion. "Pet. Cert." refers to Petitioner's Certification in Support of his Motion. "Docket" refers to the docket of Muhammad's federal case at issue, attached as Exhibit A in Respondents Motion to Dismiss.

Id. Muhammad's attorney sold the bonds for $179,300, retained half for himself and gave the other half to Muhammad. Id.

Muhammad and Martin were charged with conspiracy to steal and convert bearer bonds, bank theft, and money laundering in violation of 18 U.S.C. §§ 371, 2113(b), and 1957. (Pet. Mem. 2, 3.) On July 12, 1994, after a four day trial, the jury found Muhammad guilty of all charges and Muhammad was sentenced to a total of seventy-eight months to run consecutively to his state prison charges. (Pet. Mem. 3.)

Mohammad's attorney, James Butler, assured him that an appeal had been filed on his behalf and was pending before the Court of Appeals of the Third Circuit. (Pet. Cert. ¶ 7, 8.) However, after waiting several years, Muhammad called the Court of Appeals and discovered that no appeal had been filed. (Pet. Cert. ¶ 9.) He subsequently initiated fee arbitration proceedings against Mr. Butler and was awarded half of his retainer. (Pet. Cert. ¶ 10.) Petitioner did not file an appeal or a motion under 28 U.S.C. § 2255, prior to this motion filed July 6, 2007. (Docket 3-5.)

## II.  DISCUSSION

### A. Standard of Review under Rule 12(b)(6)

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Center

Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in <u>Bell Atlantic Corporation v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955 (2007). Abrogating the standard established in <u>Conley v. Gibson</u>, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief," the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 127 S.Ct. at 1965. Thus, the allegations of the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234-35 (3d Cir. 2008).

Although a statute of limitations defense is normally brought in an answer as an affirmative defense, in <u>Robinson v. Johnson</u>, 313 F.3d 128 (3d Cir. 2002), the Court of Appeals allowed a time barred federal habeas petition to be disposed of by a 12(b)(6) motion. Fed. R. Civ. Pro. 8(c). According to <u>Robinson</u>, a limitations defense can be brought in a 12(b)(6) motion so long as the defect is apparent in the complaint. <u>Id.</u> However, this defense must be raised as early as reasonably possible in order to put the petitioner on notice. <u>Id.</u> In this case, the 12(b)(6) motion is proper since it was filed prior to an answer, giving Muhammad sufficient notice of the defense.

**B. Statute of Limitations**

A prisoner in custody of a federal court may move to vacate, set aside or correct a sentence imposed in violation of the Constitution or laws of the United States under 28 U.S.C. §

2255(a).  However, motions made under 28 U.S.C. § 2255 must be brought within one year of

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposing the time limitation, went into effect on April, 24, 1996.  All prisoners subject to judgments entered prior to the AEDPA were granted a one year grace period from the Act's effective date or until April, 23, 1997, to file a petition.  Miller v. New Jersey State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998).

This one year limitation is not a jurisdictional bar, but rather a statute of limitations subject to equitable tolling.  Miller, 145 F.3d at 618  The  statute of limitations will toll, "only when the principles of equity would make rigid application unfair."  Id.  The petitioner bears the burden of establishing that he has been prevented from asserting his rights "in some extraordinary way" Id. at 619 (citation omitted).  Further, petitioner must show due diligence in bringing a claim.  Id. at 618.  Negligence is an insufficient reason to toll the statute.  Id., see also, Robinson, 313 F.3d at 142.

In this case, Muhammad's petition is barred for failure to file the petition within the one year statutory period.  Judgment was entered against Muhammad on July 12, 1994.  Although Muhammad's attorney led him to believe an a appeal had been filed and was pending, an appeal was never filed.  This may be a violation of Muhammad's Sixth Amendment right to counsel

giving him grounds to file a habeas corpus petition under 28 U.S.C. § 2255, Strickland v. Washington, 466 U.S. 668 (1984), see also, Roe v. Flores-Ortega, 528 U.S. 470 (2000);[2] but this does not change the fact that his petition was not filed until July 6, 2007, well outside of the one year limitations period.

Muhammad's judgment became final in 1994, prior to the AEDPA's enactment. Therefore, Mohammed had until April 23, 1997, the end of the one year grace period, to file his petition. Miller, 145 F.3d at 617. However, by his own admission, Muhammad did not discover his attorney's failure to file an appeal until 1998. Accordingly, the one year limitation was renewed on the date of Muhammad's discovery of the information. 28 U.S.C. § 2255(f)(4). Although the exact date that Muhammad learned of his attorney's error is unclear, the statute of limitations would have expired sometime prior to January 1, 2000.

Muhammad does not claim to have discovered new information that would have renewed the one year limitations period after 1998. However, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atlantic, 127 S.Ct. at 1965. Since the facts must be viewed in the light most favorable to Muhammad, the possibility exists that Muhammad discovered facts supporting the claim or claims presented during the arbitration proceedings against Mr. Butler which concluded in October, 2005. If new facts had been

---

[2] To succeed on a Sixth Amendment claim of ineffective assistance of counsel, defendant must show that but for counsel's unprofessional errors, it is reasonably probable that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. at 682. Defendant is entitled to an appeal on an ineffective assistance of counsel claim if counsel's constitutionally deficient performance deprives defendant of appeal that he would otherwise have taken. Roe v. Flores-Ortega, 528 U.S. at 478.

discovered at the arbitration hearing, the one year statutory period would have renewed itself. However, even if Muhammad had uncovered new facts during that proceeding, that statutory period would have expired in November, 2006. This motion was not filed until July 6, 2007, outside of the latest possible statutory period.

Mohammad bears the burden of showing the statute of limitations should be equitably tolled. Since Mohammad has not produced evidence of extraordinary circumstances which prevented him from filing this petition earlier, he has not shown due diligence in filing a timely petition and this motion is barred.

### III. CONCLUSION

Muhammad seeks relief under 28 U.S.C. § 2255, and the Government cross-moves to dismiss the petition. For reasons set forth above, the Government's motion will be granted and Muhammad's Section 2255 petition will be dismissed as time barred. A certificate of appealability will not issue.


/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: June 4, 2008